## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANDREE MURLIN, INDIVIDUALLY** | * | **CIVIL ACTION:** |
| **AND IN HER CAPACITY AS THE** | * | |
| **INDEPENDENT ADMINISTRATOR** | * | |
| **OF THE SUCCESSION OF MIRIAM** | * | |
| **JANE HORRELL SERE** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | **SECTION:** |
| **CASUALTY COMPANY** | * | |
| | * | **MAGISTRATE:** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana to this Court.

1. This is an insurance coverage and bad faith case. On December 13, 2022, Plaintiff Andree Murlin, individually and in her capacity as Independent Administrator of the Succession of Miriam Jane Horrell Sere, ("Plaintiff") filed a "Petition for Damages" (the "Petition") in Case No. 2022-11289 in the Civil District Court for the Parish of Orleans, State of Louisiana. Exhibit A. State Farm received service of the Petition on January 13, 2023. *See* Exhibit B. Plaintiff seeks contractual damages from State Farm under the insurance policy issued to Plaintiff, as well as alleged bad-faith related extra-contractual damages.

4183874v.1

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant. *See* Exhibit A.

3. Plaintiff asserts claims against State Farm related to State Farm's handling of her homeowners insurance claim following Hurricane Ida. Generally, Plaintiff alleges that Hurricane Ida caused significant damage to the covered property. *See* Exhibit A, ¶ 5. Plaintiff asserts alleged deficiencies in State Farm's handling of her claim, including that State Farm "breached its statutory duty to adjust claims fairly." Exhibit A, ¶ 8. Plaintiff further asserts that State Farm breached "its affirmative duties of good faith and fair dealing" and that State Farm's actions were "arbitrary and capricious." *Id*., ¶¶ 17, 19

4. State Farm did not file an Answer in state court prior to removal and thus will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

I. **GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

7. The Petition alleges that Plaintiff, Andree Murlin, is domiciled in Orleans Parish, Louisiana. Exhibit A, ¶ 1. Accordingly, Plaintiff is considered a citizen of Louisiana for purposes of diversity jurisdiction.

8. State Farm Fire and Casualty Company is a foreign insurance corporation, incorporated in the state of Illinois, with its principal place of business in Bloomington, Illinois, and was at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00.

9. Additionally, the claims asserted by Plaintiff exceed $75,000 exclusive of interest and costs. Plaintiff seeks damages, statutory penalties, and attorney's fees. *See* Exhibit A, ¶¶ 19, 20. Plaintiff specifically alleges that she has obtained an estimate showing that the cost to repair the property at issue is $206,696.53, but that State Farm had evaluated the total claim to be only $31,385.83. *Id.*, ¶¶ 8, 9. Plaintiff specifically alleges that she has previously made a demand on State Farm in the amount of $175,310.70, which represents her actual loss and does not include her claim for penalties and attorney's fees. *Id.*, ¶ 11.

10. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above

$75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11.   To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs, Inc.*, 2017 WL 3447808, at *2 (W.D. La. Aug. 9, 2017).

12.   A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary-judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.).

13.   Here, Plaintiff alleges that her contractual damages are at least $175,310.70. Exhibit A, ¶ 11.  Thus, it is facially apparent from the allegations of the Petition for Damages that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

14.   While State Farm admits neither liability nor any element of damages, the contractual benefits demanded by Plaintiff alone clearly satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a).

- 5 –

## II. VENUE

15. Venue for removal is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action was pending, the Civil District Court for the Parish of Orleans, State of Louisiana.

## III. PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Plaintiff's Petition for Damages |
| B. | Copy of the State Court Record (including all pleadings, process, and orders served on State Farm) |
| C. | State Farm's Certificate of Compliance |

17. The Notice of Removal is being filed within thirty (30) days of service of the citation and Plaintiff's Petition upon State Farm on January 13, 2022, and is thus timely filed under 28 U.S.C. § 1446(b). There exists an actual and justiciable controversy between Plaintiff and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

18. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. Exhibit B.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. Exhibit C.

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana promptly after filing of same. Exhibit C.

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action, as State Farm is the sole defendant named in Plaintiff's Petition.

22. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Local Civil Rules of this District Court.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Maggie A. Broussard*
Justin P. Lemaire [T.A.], La. Bar No. 29948
Maggie A. Broussard, La. Bar No. 33033
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: jlemaire@stonepigman.com
          mbroussard@stonepigman.com

*Attorneys for State Farm Fire and Casualty Company*

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and by e-mail, this 10th day of February, 2023.

                                                 */s/ Maggie A. Broussard*
                                                 Maggie A. Broussard

4183874v.1